# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ARNOLD, | CASE NO. 1:07-cv-00687-OWW-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| W. J. SULLIVAN, et al., | (DOC. 1) |
| Defendants. | |
| _____/ | |

## Screening Order

**I.     Screening Requirement**

Plaintiff Robert Lee Arnold ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 7, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A9(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal...fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

///

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions,

2    none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N.A., 534 U,S. 506, 512

3    (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain

4    statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a).  "Such

5    statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds

6    on which it rests." Swierkiewicz, 534 U.S. at 12.  However, "the liberal pleading standard...applies

7    only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A]

8    liberal interpretation of a civil rights complaint may not supply essential elements of the claim that

9    were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)

10   (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.**   **Plaintiff's Claims**

12          **A.**   **Summary of Complaint**

13          Plaintiff is a state prisoner at California Correctional Institution in Tehachapi ("Tehachapi")

14   who alleges that Defendant K. Thysen, Correctional Counselor II, and Defendant John Doe

15   erroneously classified him with "R" suffix based on a crime for which Plaintiff was acquitted.[1]

16   Plaintiff sought to have the "R" suffix removed from his custody classification, but Defendants

17   refused to remove it.  Plaintiff alleges that the erroneous classification deprives him of family visits

18   and the opportunity to participate in various activities, and places him in physical danger from other

19   prisoners. Plaintiff alleges that the erroneous classification violates the Cruel and Unusual

20   Punishment Clause of the Eighth Amendment, and the Equal Protection Clause of the Fourteenth

21   Amendment, and seeks compensatory damages, punitive damages, a restraining order, and injunctive

22   relief from Defendants W. J. Sullivan, Warden at Tehachapi, K. Thysen and John Doe.

23          **B.**   **Eighth Amendment**

24          **1.**   **Conditions of Confinement**

25          Plaintiff alleges that the erroneous classification violates the Eighth Amendment, which

26   protects prisoners from inhumane methods of punishment and from inhumane conditions of

---

[1]An "R" suffix denotes a prisoner with a history of certain sex offenses.  Cal. Code Regs. tit. 15 § 3377.1 (b) (West 2008).

confinement. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

The assignment of the "R" suffix and the resulting increase in custody status, and elimination of family visitations, opportunities to participate in programs, and privileges are not the type of deprivations sufficiently grave to rise to the level of an Eighth Amendment violation. Thus, Plaintiff fails to state a claim upon which relief may be granted.

### 2. Failure to Protect

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Hoptowit v. Ray</u>, 682 F.2d 1237,1250 (9th Cir. 1982); <u>Farmer</u>, 511 U.S. at 833. Plaintiff has not alleged sufficient facts to support a claim that Defendants are failing to protect him in violation of the Eighth Amendment by assigning the "R" suffix.

### C. Fourteenth Amendment

#### 1. Equal Protection

Plaintiff also alleges a violation of the Equal Protection Clause, which requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. <u>See e.g.</u>, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a protected class, such as race. <u>Thorton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir. 2005).

///

The second way to establish an equal protection claim is for the plaintiff to show that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co.v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2002); SeaRiver Mar. Fin. Holdings, Inc., Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, the plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995).

In this case, Plaintiff does not allege any facts that would support an equal protection claim. Plaintiff does not allege that he is a member of a protected class and that Defendants discriminated against him due to his membership in such a protected class, and he also does not allege that he is a member of an identifiable class and was intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. Accordingly, Plaintiff fails to state an equal protection claim.

## 2.   Due Process

The Court will discuss due process although Plaintiff does not specifically plead a due process claim in his complaint because, construed liberally, such a claim can be inferred from Plaintiff's allegations. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The Due Process Clause itself does not confer on prisoners a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty

interest created by state law is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484.

Under certain circumstances, labeling a  prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. <u>Neal v. Shimoda</u>, 131 F.3d 818, 828 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."); <u>Kritenbrink v. Crawford</u>, 457 F. Supp. 2d 1139, 1149 (D. Nev. 2006) ("the stigmatizing label in conjunction with [certain] disadvantages goes beyond the typical hardships of prison life.").  However, neither classification as a sex offender which results in elimination of family visits, <u>Cooper v. Garcia</u>, 55 F.Supp.2d 1090, 1102 (S.D. Cal. 1999); <u>Stevens v. Robles</u>, 2008 U.S. Dist. Lexis 17694, at *20 (S.D. Cal. 2008), nor classification as a sex offender which results in loss of other opportunities implicates due process, <u>see</u> <u>Brooks v. McGrath</u>, 1995 U.S. Dist. Lexis 18242, at *6 (N.D. Cal. 1995) ("[B]eing classified with an 'R' suffix and thereby prohibited from certain job assignments . . . raises no due process concerns.").  Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

### D.   Claims Against Defendant Sullivan

Plaintiff names Warden Sullivan as a defendant.  However, Plaintiff's complaint contains no allegations against Defendant Sullivan.  In amending his complaint in compliance with this order, Plaintiff is advised that under section 1983, liability may <u>not</u> be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that Defendant either: personally participated in the alleged deprivation of constitutional

1   rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a

2   policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

3   force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal

4   citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading

5   standards are broad, some facts must be alleged to support claims under section 1983.  See

6   Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

7                    **E.    Official Capacity Damages Claims Under Section 1983**

8           Plaintiff is suing Defendants for damages in their official and personal capacities.  Plaintiff

9   may not recover damages in a suit against state officers sued in their official capacities.  See

10   Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n. 24 (1997); Hafer v. Melo, 502 U.S. 21,

11   27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Doe v. Lawrence

12   Livermore Nat'l Laboratory, 131 F.3d 836, 839 (9th Cir. 1997); Kruse v. Hawaii, 68 F.3d 331, 334

13   n.2 (9th Cir. 1995); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992).  Plaintiff may recover

14   damages against Defendants sued in their individual capacities only.  See Hafer v. Melo, 502 U.S.

15   at 31 (1991); DeNieva v. Reyes, 966 F.2d at 483.  Therefore, Plaintiff's damages claims against

16   Defendants in their official capacities fail as a matter of law.

17                    **F.    Claim for Equitable Relief**

18           In addition to damages, Plaintiff seeks injunctive relief and a restraining order to deter future

19   injury and any retaliation against Plaintiff for filing this suit.  "[T]hose who seek to invoke the

20   jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the

21   Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95,

22   101 (1983) (citations omitted);  Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

23   "Abstract injury is not enough." Lyons, 461 U.S. at 101.  "[P]laintiff must show that he has sustained

24   or is immediately in danger of sustaining some direct injury as the result of the challenged official

25   conduct and the injury or threat of injury must be both real and immediate, not conjectural or

26   hypothetical." Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff

27   is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

28   ///

1    Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act,

2    which provides in relevant part:

3
4           Prospective relief in any civil action with respect to prison conditions
            shall extend no further than necessary to correct the violation of the
            Federal right of a particular plaintiff or plaintiffs.  The court shall not
5           grant or approve any prospective relief unless the court finds that such
            relief is narrowly drawn, extends no further than necessary to correct
6           the violation of the Federal right, and is the least intrusive means
            necessary to correct the violation of the Federal right.
7

8    18 U.S.C. §3626(a)(1)(A).  In this case, the injunctive relief that Plaintiff is seeking is vague and not

9    narrowly drawn and tailored to correct the alleged constitutional violation. Therefore, this action

10   should proceed as one for damages only.

11   **III.    Conclusion and Order**

12          The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

13   which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity

14   to file an  amended complaint curing the deficiencies identified by the Court in this order.  Noll v.

15   Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the

16   nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

17   F.3d 605,  607 (7th Cir. 2007) (no "buckshot" complaints).

18          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

19   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

20   Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual

21   allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic

22   Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

23          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

24   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.3d 565, 567 (9th

25   Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading,"

26   Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint

27   which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London

28   v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    January 29, 2009**                            **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE